UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARY MILLER, | Case No. 17-cv-05495-LB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JANUARY 5, 2018 ORDER AND GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |
| LEHMAN BROTHERS HOLDINGS INC., et al., | |
| Defendants. | Re: ECF Nos. 43, 48 |

## INTRODUCTION

This was the second action filed by plaintiff Mary Miller regarding the mortgage on her home (referred to in the complaint as the "Subject Property"). Ms. Miller previously filed a state court action in 2012 requesting a court order cancelling her mortgage debt and obligations, enjoining foreclosure, and awarding her full title to the Subject Property. Following four years of litigation, Ms. Miller's first action was dismissed in its entirety. Ms. Miller then brought this second action against many of the same defendants (plus several new ones), once again seeking a court order cancelling her mortgage debt and obligations, enjoining foreclosure, and awarding her full title to the Subject Property. On January 5, 2018, the court issued an order dismissing Ms. Miller's

complaint as barred by res judicata[1] and, on January 8, entered judgment in favor of the

defendants.[2]

Ms. Miller moves to have the court alter or amend its January 5 order dismissing her

complaint.[3] Defendants Nationstar Mortgage LLC ("Nationstar"); Aurora Loan Services, LLC;

U.S. Bank National Association, as Trustee for the Lehman XS Trust Mortgage Pass-Through

Certificates, Series 2006-GP1; Mortgage Electronic Registration Systems, Inc.; and Lehman

Brothers Holdings Inc. (the "Moving Defendants"), for their part, move for an award of attorney's

fees.[4] Pursuant to Civil Local Rule 7-1(b), the court finds these matters suitable for determination

without oral argument. For the following reasons, the court (1) denies Ms. Miller's motion to alter

or amend, and (2) grants in part the Moving Defendants' motion for attorney's fees.

# ANALYSIS

## 1. Ms. Miller Has Not Met the Standard for a Rule 59(e) Motion

Ms. Miller brings her motion for the court to alter or amend its January 5 order under Federal

Rule of Civil Procedure 59(e).

As a threshold matter, the court has jurisdiction to hear Ms. Miller's motion. Prior to filing her

motion, Ms. Miller filed a notice of appeal to the Ninth Circuit,[5] but even where a plaintiff files a

notice of appeal, a "rule 59(e) motion to alter or amend the judgment effectively revives the

district court's jurisdiction." *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990); *accord* Wright &

Miller, 11 Federal Practice & Procedure § 2821 (3d ed. 2017).[6]

---

[1] Order – ECF No. 40. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Judgment – ECF No. 42.

[3] Pl.'s Mot. to Alter or Amend Order – ECF No. 48.

[4] Defs.' Mot. for Attorney's Fees – ECF No. 43.

[5] Pl.'s Notice of Appeal – ECF No. 45.

[6] After filing her notice of appeal, and then her Rule 59(e) motion to alter or amend, Ms. Miller filed a motion before this court to withdraw her notice of appeal. ECF No. 50. The court hereby terminates that motion: the court has jurisdiction over Ms. Miller's Rule 59(e) motion in any event, and beyond that, issues regarding Ms. Miller's appeal to the Ninth Circuit or withdrawal thereof should be directed to the Ninth Circuit, not this court.

A district court can "reconsider" final judgments under Rules 59(e). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. N.D. Cal. Civil L.R. 7-9; *see, e.g.*, *Thomas v. County of Sonoma*, No. 17-cv-00245-LB, 2017 WL 2500886, at *2 (N.D. Cal. June 9, 2017) (Local Rule 7-9 applies to motions for reconsideration under Rule 59(e)). In seeking permission, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. N.D. Cal. Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c).

Here, Mr. Miller has not satisfied this standard. She has not shown a material difference in law or fact that was not previously presented to the court, an emergence of new facts or a change in the law since the court's order, or that the court's dismissal was in clear error, manifestly unjust, or unresponsive to dispositive legal arguments.

First, Ms. Miller's argument with respect to her 2017 notice of default and the California Homeowner Bill of Rights ("HBOR") provision in California Civil Code § 2923.55 fails. Ms. Miller alleges that her 2017 notice of default did not provide her with written notice of her right to demand a copy of her promissory note and evidence of Nationstar's alleged right to collect on the

debt, which she claims is required by Section 2923.55.[7] But this does not plead a material

violation, given that Ms. Miller already had a copy of her promissory note and knew the basis for

Nationstar's claim to collect on the debt from her four years of state court litigation against

Nationstar prior to 2017. *Cf., e.g.*, *Millman v. Wilmington Sav. Fund Soc'y FSB*, No. 16-cv-07402-

EMC, 2017 WL 396149, at *2 (N.D. Cal. Jan. 30, 2017) (dismissing as immaterial alleged Section

2923.55 violations where borrower had actively communicated with lender and knew of her

options).[8]

Second, Ms. Miller's argument for reconsideration with respect to her "concealment" theory

fares no better. Far from citing any new evidence or showing any clear legal error in the court's

original order, Ms. Miller ignores the original order altogether,[9] and instead simply cites the same

cases and makes the same arguments that she made in her original opposition to the defendants'

motions to dismiss. The court has already considered and rejected these arguments.

Ms. Miller's motion to alter or amend the January 5 order is denied.

## 2. The Moving Defendants Are Entitled to Reasonable Attorney's Fees

### 2.1    The Moving Defendants Have an Enforceable Contractual Right to Fees

The Moving Defendants assert that they have a contractual right to reasonable attorney's fees

under the terms of Ms. Miller's promissory note ("Note") and deed of trust ("Deed of Trust").

The Ninth Circuit recently affirmed an award of reasonable attorney's fees to prevailing

defendants in a similar mortgage case involving word-for-word-identical contractual fee

provisions. *Ng v. U.S. Bank, NA*, __ F. App'x __, No. 16-16949, 2018 WL 914501 (9th Cir. Feb.

16, 2018) (*Ng II*) ("As the prevailing parties, [defendants] are entitled to reasonable attorney's fees

---

[7] Compl. – ECF No. 1 at 18 (¶¶ 118–19). Ms. Miller's motion cites paragraphs 38 to 42 of her complaint, *see* Pl.'s Mot. to Alter or Amend Order – ECF No. 48 at 3, but those paragraphs have nothing to do with her 2017 notice of default.

[8] Additionally, Section 2923.55 has been repealed effective January 1, 2018. *Cf. Jacobik v. Wells Fargo Bank, N.A.*, No. 17-cv-05121-LB, 2018 WL 1184812, at *3–4 (N.D. Cal. Mar. 7, 2018) (sunset of HBOR provisions terminates HBOR claims).

[9] *Compare* Order – ECF No. 40 at 9–12 *with* Pl.'s Mot. to Alter or Amend Order – ECF No. 48 (not addressing the order's analysis and not mentioning or distinguishing the cases cited therein).

pursuant to the terms of [plaintiff]'s promissory note."), *aff'g* No. 15-cv-04998-KAW, 2016 WL 6995884 (N.D. Cal. Nov. 30, 2016) (*Ng I*). Following *Ng*, the court finds that the Moving Defendants here are likewise entitled to an award of reasonable attorney's fees.

California law governs the right to recover attorney's fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002) (applying California Civil Procedure Code § 1021, which requires courts to follow contractual fee-shifting provisions). California Civil Code § 1717(a), which governs the recovery of attorney's fees pursuant to an underlying contract, states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The Moving Defendants claim a contractual right to attorney's fees under, among other things, Section 7(E) of the Note and Section 22 of the Deed of Trust. The Note states, in relevant part:

> **7. BORROWER'S FAILURE TO PAY AS REQUIRED**
>
> . . . .
>
> **(E) Payment of Note Holder's Costs and Expenses**
>
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.[10]

Similarly, the Deed of Trust states, in relevant part:

> **22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22,**

---

[10] Compl. Ex. 2 (Note) § 7(E) – ECF No. 1-1 at 6–7.

**including, but not limited to, reasonable attorneys' fees and costs of title evidence.**[11]

These provisions are word-for-word identical to the provisions in *Ng. See Ng I*, 2016 WL 6995884, at *4.[12] And the *Ng* court held that those provisions permit prevailing defendants to recover their reasonable attorney's fees in foreclosure cases. *Id.* (citing *Mitchell v. Wells Fargo Bank, N.A.*, No. 13-04017-KAW, 2014 WL 1320295, at *3 (N.D. Cal. Apr. 1, 2014); *Joseph v. Wachovia Mortg. Corp.*, No. 5:11-cv-02395 EJD, 2012 WL 714968, at *1–2 (N.D. Cal. Mar. 5, 2012); *Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322, at *1–3 (N.D. Cal. Jan. 3, 2011)); *Ng II*, __ F. App'x __, 2018 WL 6995884, at *2. This court reaches the same conclusion with respect to the contractual provisions here.

Ms. Miller raises several arguments in response, but none changes the outcome. First, Ms. Miller argues that the contractual fee provisions do not apply because her lawsuit was supposedly a tort action, not an action to "enforce the contract." But courts have held in mortgage cases that prevailing defendants may recover attorney's fees where, as here, a borrower asserts claims that directly relate to the defendants' rights to enforce the mortgage contract, even if the plaintiff herself is not seeking to enforce the contract. *See Ng I*, 2016 WL 6995884, at *5 (awarding fees to prevailing defendants, as "while Plaintiff in the instant case did not seek to enforce the contract through her claims, her claims directly impacted Defendants' ability to enforce the contract") (citing *Thomas v. Wells Fargo Bank, N.A.*, No. C 13-02065 JSW, 2014 WL 1245034, at *4 (N.D. Cal. Mar. 25, 2014)); *see also id.* at *6 (where "Plaintiff sought an injunction to prevent

---

[11] Compl. Ex. 3 (Deed of Trust) § 22 – ECF No. 1-1 at 22–23 (bolding in original).

[12] The Moving Defendants also cite Section 9 of the Deed of Trust, which provides, in relevant part, "If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument[.]" Compl. Ex 3 (Deed of Trust) § 9 – ECF No. 1-1 at 18. This provision is also word-for-word identical to the analogous provision in *Ng. See* No. 4:15-cv-04998-KAW (N.D. Cal.) – ECF No. 73-1 at 9.

foreclosure, to rescind the loan contracts, and to cancel or reform the loan contracts, without

tethering these contract-related remedies to a particular claim, . . . all of Plaintiff's claims are

inextricably intertwined with the contract claims and fees need not be apportioned claim by

claim.") (citations and internal quotation marks and brackets omitted).

Second, Ms. Miller argues that several of the Moving Defendants are not parties to the Deed of

Trust. But the Moving Defendants are agents or successors-in-interest of the signatories and,

moreover, were sued by Ms. Miller "as if they were parties to the loan contracts, with [Ms. Miller]

seeking the remedy of rescinding or reforming those loan contracts. Thus, Defendants 'stand in the

shoes' of a party to the contract, even if Defendants did not themselves sign the loan documents,

and may recover attorney's fees per Civil Code § 1717." *Cf. Ng I*, 2016 WL 6995884, at \*5; *Ng II*,

\_\_ F. App'x \_\_, 2018 WL 6995884, at \*2 (citing *Cargill, Inc. v. Souza*, 201 Cal. App. 4th 962,

966 (2011)).

Third, Ms. Miller argues that Section 9 of the Deed of Trust permits attorney's fees only in the

event of proceedings "in the nature of [] bankruptcy proceedings, probate, liens and condemnation

actions." The court need not address whether Section 9 is limited thusly because Section 7(E) of

the Note and Section 22 of the Deed of Trust grant the Moving Defendants a right to attorney's

fees, regardless of the scope of Section 9 of the Deed of Trust. *Cf. Ng I*, 2016 WL 6995884, at \*4

(relying on the identical Section 7(E) in its note and the identical Section 22 in its deed of trust in

awarding attorney's fees).

Finally, Ms. Miller argues that Section 22 of the Deed of Trust does not address awards of

attorney's fees where the borrower's claims arise under HBOR. But courts have held that

prevailing defendants are entitled to contractual attorney's fees even where a borrower brings

claims solely under HBOR. *See, e.g.*, *Mitchell*, 2014 WL 1320295, at \*1, 3 (awarding prevailing

defendant contractual attorney's fees even where the borrower brought only HBOR claims).

## 2.2   The Moving Defendants' Documented Fees Claim Is Reasonable

The Moving Defendants seek $17,247.50 in attorney's fees and costs. As discussed above,

both the Note and the Deed of Trust provide for the recovery of reasonable attorney's fees, and the

court finds that the Moving Defendants are entitled to recover as the prevailing parties.

When calculating reasonable attorney's fees, the court must consider both the reasonableness of the hourly billing rate and the number of hours required. *See Larfage Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341–42 (9th Cir. 1986) (citations omitted).

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994). In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. *Id.*

Here, the Moving Defendants claim an hourly rate of $215 an hour for all of the lawyers who worked on this matter (a fifth-year associate and an equity partner, who billed the same rate as the associate for this matter).[13] Additionally, the Moving Defendants claim an hourly rate of $125 an hour for the paralegals who worked on this matter. Ms. Miller does not object that these rates are unreasonable. In comparing these rates to other rates in foreclosure cases in this district, the court finds that these rates are reasonable. *Cf., e.g., Ng I*, 2016 WL 6995884, at *7 (finding attorney rates of $300–450 per hour and paralegal rates of $160 per hour reasonable); *Mitchell*, 2014 WL 1320295, at *4 (finding attorney rates of $275–290 per hour and paralegal rates of $160 per hour reasonable); *Joseph*, 2012 WL 714968, at *3 (finding attorney rates of $320–330 per hour and paralegal rates of $135–160 per hour reasonable).

The Moving Defendants have submitted billing time entries for 66.3 hours of attorney time and 15.2 hours of paralegal time.[14] Ms. Miller does not make any object that the number of hours billed are unreasonable. Having reviewed the billing time entries, the court finds that the hours billed are reasonable. The time spent does not appear to be unnecessary, duplicative, or excessive. But 66.3 hours of attorney time plus 15.2 hours of paralegal time only takes the Moving

---

[13] Witcher Decl. – ECF No. 43 at 14–15 (¶¶ 2, 5). The Moving Defendants also state that a seventh-year associate, who billed out at the same rate, also worked on the matter, but the court does not see any billing time entries under his name. *See* Billing Records – ECF No. 43 at 20, 22; ECF No. 51 at 11, 14.

[14] Billing Records – ECF No. 43 at 20, 22; ECF No. 51 at 11, 14.

Defendants up to $16,154.50, not $17,247.50. "Counsel [requesting attorney's fees] bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Moving Defendants state that they have incurred additional attorney's fees that have not yet been formally invoiced,[15] but even without formal invoicing, counsel must have billing time entries for the time spent on this matter. The Moving Defendants elected not to submit these entries. In any event, rather than deciding whether those un-submitted billing entries would have remained reasonable or might exceed reasonableness, the court awards the Moving Defendants $16,154.50 in attorney's fees for the billing time entries they did submit, which it finds is a reasonable amount in fees for the defense of this action.

## CONCLUSION

For the foregoing reasons, (1) Ms. Miller's motion to alter or amend the court's January 5, 2018 order is denied and (2) the Moving Defendants' motion for attorney's fees is granted in part in the amount of $16,154.50.

**IT IS SO ORDERED.**

Dated: March 8, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[15] *See* Witcher Supp. Decl. – ECF No. 51 at 7 (¶ 3).